NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

ALEXANDER MARFISI,

              Plaintiff

     v.

JOHN POWELL,

             Defendant

Civil No. 23-21484 (RMB-MJS)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

    This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Dkt. No. 1) filed by *Pro Se* Plaintiff Alexander Marfisi, who was confined in Hudson County Jail in Kearny, New Jersey at the time of filing.  Plaintiff submitted an IFP application under 28 U.S.C. § 1915(a) (Dkt. No. 1-1, 1-2), which establishes his financial eligibility to proceed without prepayment of the fees and costs under 28 U.S.C. § 1915(a).  The Court will grant Plaintiff's IFP application.

## I.    SUA SPONTE DISMISSAL

    Under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c), district courts must screen a complaint for *sua sponte* dismissal, where the plaintiff is (1) proceeding *in forma pauperis* under § 1915(a); (2) "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity;" and (3) in "any action brought [by a prisoner] with respect to prison conditions," respectively.  Upon screening, courts must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *Id.*

## II.   DISCUSSION

### A.   Standard of Law

The standard for *sua sponte* dismissal of a complaint upon screening for failure to state a claim is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (describing standard for failure to state a claim under § 1915(e)(2)(B)) (citation omitted); *Daker v. Bryson*, 841 F. App'x 115, 122 (11th Cir. 2020) (holding dismissals "for failure to state a claim under the PLRA are governed by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure") (citation omitted)).  The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*,  550 U.S. 544, 570 (2007)).  "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 556)).  Plausibility requires more than "facts that are 'merely consistent with' a defendant's liability."  *Id.* (quoting *Twombly*, 550 U.S. at 557)).

**B.    The Complaint**

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.  The sole defendant to the complaint is John Powell, Administrator of Southern State Prison.  Accepting the factual allegations in the complaint as true, Plaintiff arrived at Southern State Prison on February 13, 2021, and on March 4, 2021, he contracted COVID.  (Compl. ¶ 6, Dkt. No. 1.)[1]  Plaintiff asked for cleaning supplies but none were provided to him.  Plaintiff alleges that he caught COVID because Administrator John Powell never made sure that the proper safety procedures were taken.  Powell "did not make sure the inmates who had COVID were separated from the inmates who did not have it!" (Compl. ¶ 4b).

**C.    Analysis**

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eighth Amendment protects prisoners against conditions that violate "civilized standards and concepts of humanity and

---

[1] Plaintiff has not alleged whether he was a pretrial detainee or a convicted and sentenced state prisoner while incarcerated in Southern State Prison.  For purposes of screening the complaint, the Court will assume Plaintiff was a convicted and sentenced state prisoner.

decency." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted).  To prevail "on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." *Id.* at 138 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted in *Thomas*)).  The deprivation is sufficiently serious "when an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)).  The culpable state of mind is "deliberate indifference to the inmate's health or safety…." *Id.* (quoting *Wilson*, 501 U.S. at 302–03)).  The Eighth Amendment protects prisoners against conditions "that pose an unreasonable risk of serious damage to his future health." *Fontroy v. Owens*, 150 F.3d 239, 241 (3d Cir. 1998) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

Where the risk to inmate health is exposure to COVID-19, failure to eliminate all risk of exposure does not establish deliberate indifference to an inmate's health. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020).  Denial of a prisoner's request for cleaning supplies is insufficient to establish deliberate indifference in the absence of allegations that no testing, quarantining or cleaning was provided.  *See*, *e.g.*, *Lawson v. Hudson Cnty. Bd. of Freeholders*, No.

CV224340KMJBC, 2023 WL 6971540, at *11 (D.N.J. Oct. 23, 2023).  Plaintiff's

claim that he caught COVID-19 because the administrator of the prison failed to take

"proper precautions" to protect inmates from contracting the virus is too conclusory

to allege deliberate indifference.  *See*, *e.g.*, *Muata v. Hicks*, No. 21-3210, 2022 WL

2526692, at *1-2 and n.1 (3d Cir. July 7, 2022) (affirming dismissal of "failure-to-

protect claim" against administrator whom the plaintiff generally alleged "failed to

provide adequate COVID-19 policies.")  Further, Plaintiff has not alleged that

Administrator Powell failed to enact a policy to quarantine COVID-19 positive

inmates from healthy inmates, but only that he "did not make sure" inmates were

separated.  Plaintiff has not sufficiently alleged Powell's personal involvement in a

constitutional violation because he has not alleged that Powell knew and acquiesced

in prison staff allowing COVID-19 positive inmates to interact with COVID-19

negative inmates, or that Powell ignored a pattern of staff failing to follow quarantine

procedures, resulting in inmates spreading COVID-19.  *See Santiago v. Warminster

Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (defining the two cognizable theories of

supervisory liability under § 1983) (citation omitted).  Finally, Plaintiff did not allege

that COVID-19 posed a substantial risk to his health.  *See*, *e.g.*, *Abner v. Ellis*, No. CV

21-15359 (FLW), 2022 WL 17177838, at *6 (D.N.J. Nov. 23, 2022) (finding plaintiff

failed to state a claim that county jail conditions constituted punishment under the

Fourteenth Amendment where there were "no facts to suggest that any of the

Defendants knew Plaintiff had a particular vulnerability to COVID-19.")  Therefore,

the Court will dismiss the complaint without prejudice for failure to state a claim.

III.   **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's IFP application

and dismiss the complaint without prejudice for failure to state a claim.


An appropriate Order follows.


**DATE: May 7, 2024**

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
Chief United States District Judge